IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## DAVID LUNSFORD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Monroe County**
**No. 99-184      Carroll L. Ross, Judge**

_____

**No. E2002-00861-CCA-R3-PC**
**November 13, 2002**
_____

The petitioner appeals the denial of his post-conviction relief petition, arguing his trial counsel was ineffective for failing to locate an alibi witness for his aggravated burglary trial. We affirm the judgment of the post-conviction court, which found trial counsel made reasonable efforts to locate the potential witness, and the petitioner was not prejudiced by the inability to present the witness's testimony at trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

R. Joshua McKee, Athens, Tennessee, for the appellant, David Lunsford.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Charles W. Pope, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Monroe County jury convicted the defendant of aggravated burglary after Christiana Upton testified the defendant broke into her apartment at approximately 2:00 a.m. on September 18, 1999. We affirmed the judgment of the trial court. _See_ State v. David Lunsford, No. E2000-01572-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 160 (Tenn. Crim. App. Mar. 6, 2001, at Knoxville). The petitioner filed a timely post-conviction relief petition alleging trial counsel was ineffective for failing to call Michael Myers as an alibi witness. At the post-conviction hearing, the petitioner presented the testimony of Myers, who stated he left the petitioner at a gas station sometime between 1:00 a.m. and 2:00 a.m. on the morning of the offense. Myers estimated it would take thirty minutes to walk from the gas station to the crime scene.

The petitioner testified he gave his trial counsel Myers' name months prior to his trial, but conceded he did not give her Myers' address or telephone number. Trial counsel testified the petitioner did not provide her with Myers' name; she said she learned of Myers through discovery provided by the state. According to trial counsel, she asked the petitioner for information concerning Myers on several occasions, and he replied he was "working on it." She stated she checked with a court clerk for information on Myers after the petitioner mentioned Myers might be on probation. She said she obtained an out-of-state business telephone number for a Michael Myers, who may not have been the same person; she gave the number to her investigator, who left messages, but received no response. She testified the assistant district attorney told her law enforcement was also searching for Myers.

Trial counsel said she was, nevertheless, concerned about calling Myers as a witness due to the close proximity between the gas station and the crime scene. She testified that a week or two before trial, she again discussed Myers' potential testimony with the petitioner, and he indicated he was not certain he wanted Myers called as a witness because his testimony might not be helpful. The petitioner testified at trial that a man named "Mike" gave him a ride and left him at the gas station. David Lunsford, 2001 Tenn. Crim. App. LEXIS 160, at **5-6. Trial counsel stated there was proof at trial the gas station was in close proximity to the crime scene.

The post-conviction court found, *inter alia*: (1) trial counsel made reasonable efforts to locate Myers, but was unable to do so prior to trial; (2) the petitioner told trial counsel that Myers' testimony might not be helpful at trial; and (3) at trial, the state presented strong proof of the petitioner's identity as the perpetrator. The post-conviction court found no deficiency by trial counsel and no proof that the outcome of the trial would have been any different had the witness testified.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner argues the trial court erred in finding trial counsel provided effective representation. For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see* Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the post-conviction court are

conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *See* <u>Fields v. State</u>, 40 S.W.3d 450, 457 (Tenn. 2001).

## ANALYSIS

In the case *sub judice*, the evidence in the record does not preponderate against the post-conviction court's findings of fact. Trial counsel testified that she asked the petitioner for information on how to locate Myers, and that she attempted to locate him through the only information the petitioner provided. Like the trial court, we conclude trial counsel's efforts to locate Myers, though unsuccessful, were reasonable. The evidence also supports the trial court's finding that the defendant told trial counsel Myers' testimony might not be helpful at trial. Further, the evidence does not preponderate against the post-conviction court's determination that the petitioner did not establish prejudice by the inability to present Myers' testimony to the jury. At trial, the victim identified the defendant at a "show-up" about three hours after the burglary and again identified him at trial. *See* <u>David Lunsford</u>, 2001 Tenn. Crim. App. LEXIS 160, at *5. Myers was unable to testify as to the exact time he left the petitioner at the gas station; he could only say it was sometime between 1:00 a.m. and 2:00 a.m. This testimony does not establish an alibi for an offense that occurred at approximately 2:00 a.m. in close proximity to the gas station. Rather, Myers' testimony could have proved harmful to the petitioner's defense because it placed the petitioner in proximity to the crime scene within an hour of the offense.

Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE

-3-